### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Granulated Sugar<br>Antitrust Litigation | MDL No. 24-3110 (JWB/DTS)<br><br>**PRETRIAL ORDER NO. 8:**<br>**Common Benefit Time & Expense**<br>**Reporting Protocol** |

Based upon the files, records, and proceedings herein, it is hereby **ORDERED** that the following shall constitute the mandatory time and expense protocol (the "Protocol") for the submission, review, and potential compensation of common benefit attorneys' fees and expenses in the above-captioned matter.

This Protocol governs all time and expenses incurred by Participating Counsel that relate to this litigation, including pre-trial matters, discovery, trial preparation, settlement work, and all other work related to this litigation. "Common benefit" work refers to activities that are performed for the benefit of all Plaintiffs in the MDL and are approved by the Plaintiffs' Steering Committee ("PSC"), such as coordinating discovery, preparing expert reports, and trial preparation. "Participating Counsel" shall be defined as members of the PSC, Co-Lead Counsel for the Plaintiff Subgroup Committees ("Subgroup Co-Leads"), any other counsel or law firm who are authorized by the PSC and who are assigned to each Plaintiff Subgroup to perform work that may be considered for the benefit of that Subgroup, and any other counsel who have been approved to participate in this litigation on behalf of one or more of the Plaintiff Subgroups prior to incurring any

such cost or expense. When practicable and appropriate, all Participating Counsel shall assign substantive work to junior attorneys.

The PSC attorneys for each Plaintiff Subgroup must establish a separate Common Benefit Fund for its Plaintiff Subgroup to compensate Participating Counsel for work performed for the benefit of its respective Plaintiff Subgroup. All counsel seeking compensation from a Common Benefit Fund must be approved by the PSC attorneys who are assigned to the Plaintiff Subgroup responsible for that particular Fund. The PSC Liaison Counsel shall oversee all subgroup activities to ensure alignment with the overall litigation strategy and coordinate with the Defendants' Steering Committee ("DSC") to avoid duplicative efforts in discovery, expert retention, and motion practice.

Any Participating Counsel that seeks to be compensated for the time and expenses incurred in this litigation must comply with this Protocol. The Court will not consider any time or expenses for reimbursement that do not comply with this Protocol. This Court may issue additional procedures, limitations, and guidelines in the future, and the Court will make the final determination as to what is reasonable, what work is compensable, and what expenses are allowed.

This Protocol applies to all cases now pending in MDL No. 3110 as well as to any cases later filed in, transferred to, or removed to this Court and included as part of MDL No. 3110.

## I.    TIME REPORTING

### A.    Authorization to Submit Time

All submitted time must be incurred only for work performed by or authorized by

the PSC attorneys for each Plaintiff Subgroup responsible for the Common Benefit Fund for which the work was performed.

**B.    Timekeeping Protocols**

Each firm shall maintain contemporaneous, detailed time and expense records using the Time and Expense Report Forms attached as **Exhibit A**, which Participating Counsel shall use to report monthly time and expenses. Time shall be kept according to this Protocol.

All Participating Counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the date, hours, rate, timekeeper's title, and a detailed description of the particular activity. The failure to maintain such records, and insufficient descriptions of the activity will result in disallowance of the submission.

All time for each firm is to be reported at the billing rates in effect at the time the work was performed. PSC attorneys for each Plaintiff Subgroup reserve the right to impose billing caps for specific projects. Document review done in connection with developing fact issues for pleadings, such as class certification or summary judgment, preparation for deposition, hearings, and trial, or for analysis, creation of fact or issue modules, or in support of experts may be billed at the attorneys' customary hourly rate. Document review team leaders responsible for quality control and management of the document review may be billed at the attorneys' customary hourly rate.

All time for each firm shall be maintained in tenths (0.1) of an hour increment (6 minutes), and individual entries shall contain a specific description detailed enough to

allow review of the time or expense entry. Time is to be recorded to provide sufficient detail as to the task or related tasks being performed, including the specific amount of time allocated to the task(s) described, using as a general guideline the litigation tasks described in the ABA Task Code Sets.

Failure to keep time and expense reporting current will be grounds for denying any subsequent request for reimbursement. Reporting of time and expenses to the applicable Plaintiff Subgroup does not constitute an acceptance or approval of that time and expense by the PSC assigned to that Plaintiff Subgroup or the Court.

### C.     Categories of Time that Will Not Be Compensated

The following categories are examples of time that will not be compensated absent extraordinary circumstances:

- Read and review time for people not overseeing or directly participating in a project.

- Time spent by each firm creating and compiling the monthly time and expense reports in this Protocol, unless Participating Counsel is assigned T&E audit responsibilities and duties by a PSC attorney for a Plaintiff Subgroup.

- All time and expense descriptions that are incomplete or that do not include a breakdown of time for disparate unrelated tasks.

- Clerical time related to file maintenance, unless Participating Counsel is assigned this duty by a PSC attorney for a Plaintiff Subgroup.

- Any unreasonable time or expenses.

- Any work not assigned by a PSC attorney for a Plaintiff Subgroup or designee.

- Time associated with work relating to any client or potential client that did not retain Participating Counsel's firm for this case.

### D.    Prior Work

Substantive work performed prior to the appointment of PSC and Subgroup Co-Lead counsel will be considered on a good faith basis at the time of a fee application by the PSC attorneys for any Plaintiff Subgroup to the extent it benefitted the Subgroup. The following information shall promptly be provided to the appropriate Plaintiff Subgroup where applicable:

- All correspondence and relevant documents related to any FOIA request in connection with Participating Counsel's involvement in this case;

- Any documents and/or memoranda related to Participating Counsel's work with any experts in investigating this case;

- Any research memoranda related to Participating Counsel's work in this case; and

- Whether Participating Counsel has interviewed and/or worked with any confidential witnesses or former employees of defendants in investigating this case.

To be considered for compensation, the prior work (1) must directly benefit the MDL substantively; (2) must not relate to seeking an MDL leadership position; and (3) must be supported by proper records.

## II.    EXPENSE REPORTING

Expense reports shall be submitted on a monthly basis with monthly time submissions, as set forth in **Exhibit A**. The expense reports should itemize out-of-pocket, case-related expenses in the column for the current monthly amounts and the column for the cumulative amounts. If there is a "Miscellaneous/Other" expense item on a report, the nature of the item and its relation to the case must be described on that month's report.

Only reasonable expenses incurred while performing work authorized by the PSC attorneys for the applicable Plaintiff Subgroup will be eligible for consideration as authorized expenses. All submitted expenses must comply with the parameters below and be adequately documented. The PSC attorneys for the applicable Plaintiff Subgroup reserve the right to reject excessive or unreasonable expenses.

A.    **Travel Limitations**

Except in extraordinary circumstances approved by the PSC attorneys for the applicable Plaintiff Subgroup, all travel reimbursements are subject to the following limitations:

a)    **Airfare:** Reasonable airfare expenses only, which must be contemporaneously documented and included in the submission.  No payments for first class flights shall be reimbursed.

b)    **Hotel**: Reasonable hotel room charges for a business hotel in the stay city.

c)    **Meals:** Reasonable meal expenses. No alcohol charges will be reimbursed. Itemized receipts must be maintained and provided to the PSC attorneys for the applicable Subgroup if requested by the applicable Subgroup or the Court.

d)    **Cash Expenses:** Miscellaneous cash expenses up to $50.00 per trip (for items for which receipts are not available), if the expenses are properly itemized.

e)    **Automobile Rental or Taxi:** Reasonable automobile rentals or taxi

service, including ride share services like Uber or Lyft.

      **f)**    **Mileage:** Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and rate per mile paid by the attorney's firm. The reimbursement rate will be the IRS Standard Business Mileage Rate for the period in which the mileage was driven.

      **g)**    **Entertainment:** Entertainment expenses will NOT be reimbursed.

**B.**    **<u>Non-Travel Limitations</u>**

Except in extraordinary circumstances approved by the PSC attorneys for the applicable Plaintiff Subgroup, all non-travel reimbursements are subject to the following limitations:

      **a)**    **Meals:** Only as approved by the PSC attorneys for the applicable Plaintiff Subgroup.

      **b)**    **Shipping, Overnight, Courier, and Delivery Charges:** Documented shipping, overnight, courier, or delivery expenses must include invoices showing the sender, origin of the package, recipient, and destination of the package and be reported at actual cost.

      **c)**    **Postage Charges:** Documented postage charges are to be reported at actual cost.

      **d)**    **In-House Photocopies:** Documented in house photocopy charges are not to exceed actual cost or $0.15 (black and white) or $0.20 (color) per page for in-firm photocopies, whichever is the least expensive.

      **e)**    **Outside Photocopies:** Any necessary vendor photocopies shall be

documented and reported at actual cost.

   **f)    Computerized Research: Lexis, Westlaw, PACER, or**

**Bloomberg:** Documented charges for Lexis, Westlaw, PACER, Bloomberg, or

other computerized legal research expenses should be reported using the exact

amount charged to the firm for research services relating to this matter.

## III.    VERIFICATION

   Submission of the monthly time and expense forms shall constitute certification

by each firm that the submission is truthful and accurate. Time and expense entries that

are not sufficiently detailed will not be considered for payment. The failure to secure

authorization from the PSC attorneys for the applicable Plaintiff Subgroup to incur time

and expenses, or to maintain and timely provide such records, or to provide a sufficient

description of the activity, will be grounds for denying the recovery of attorneys' fees or

expenses in whole or in part.

## IV.    TIMING OF SUBMISSIONS

   Each firm must submit a monthly time and expense report, in the Excel format, as

set out in **Exhibit A**. Report periods close on the last day of each month, and records for

time worked or expenses incurred during that period must be submitted to the PSC

attorneys for the applicable Plaintiff Subgroup.

   The first time and expense report submission (which shall include any time and

expenses since the inception of the case through December 31, 2024) and the second

time and expense report submission (which shall include any time and expenses from

January 1, 2025, through January 31, 2025) are due to the PSC attorneys for the

applicable Plaintiff Subgroup**,** or their designee, **by February 20, 2025**. After the initial submission, monthly time and expense reports shall be submitted **by the 20th day of each month**, and shall cover the time period through the end of the preceding month. If the 20th day of a month falls on a holiday or weekend, then the reports shall be submitted by the following business day. Failure to provide time and expense records timely as required by this Protocol will result in a waiver of that time and/or expense. The PSC attorneys for the applicable Plaintiff Subgroup may allow late submissions for good cause shown.

Time and expense reports for each Plaintiff Subgroup Committee shall be submitted to the following individuals:

- **Direct Purchasers**: Jamie Holzer at jholzer@gustafsongluek.com and Chelsea Noble at cnoble@gustafsongluek.com.

- **Indirect Commercial Purchasers**: Heather Potteiger at timeandexpensereporting@locklaw.com.

- **Indirect Consumer Purchasers**: Nicole Bernhagen at nbernhagen@robinskaplan.com.

## V.    AUDITING PROTOCOL

### A.    Monthly Review of Submitted Time and Expenses.

At least one PSC member from each Plaintiff Subgroup, or its designee, regularly shall review time and expense reports submitted. The PSC member or its designee shall determine if the entries and expenses applicable to their Subgroup comply with this Protocol and shall evaluate the submitted time to ensure that it is reasonable under the circumstances and if the work was performed by appropriate counsel, paralegals, or

other professionals. No member of the PSC shall review or approve their own firm's time and expense submission for common benefit work. Submissions from a PSC member's firm shall be reviewed and approved by an independent PSC subcommittee member or a neutral third party.

Each respective PSC Plaintiff Subgroup shall notify firms that submitted the time/expense report of any concerns with the reported time and expenses and allow an opportunity to cure the problems if appropriate. Each PSC Plaintiff Subgroup shall timely notify any firm if any time or expenses are disallowed. This will ensure that certain issues regarding the compensability of time/expenses and compliance with this Protocol can be dealt with in a timely manner as opposed to at the conclusion of the litigation, and thus seek to avoid future disputes regarding attorney fees and expenses.

Each PSC Plaintiff Subgroup shall provide the Court information regarding time and expense submissions as requested by the Court.

## VI.     ASSESSMENTS, SHARED COSTS, AND HELD COSTS

Participating Counsel who submit time and expenses under this Protocol shall pay Assessments as directed by the PSC attorneys for their applicable Plaintiff Subgroup to pay Shared Costs of this MDL litigation. The timing and amount of each contribution shall be determined by the PSC attorneys for each applicable Plaintiff Subgroup. Failure to pay assessments timely shall bar firms from compensation for time or expenses submitted for reimbursement. The PSC attorneys for each Plaintiff Subgroup shall have the authority to collect Assessments for experts and other expenses, as well as to engage their own experts for the benefit of their Plaintiff Subgroup.

10

All timely submitted, reasonable Shared Costs as determined by the PSC attorneys for the applicable Plaintiff Subgroup shall qualify for submission and reimbursement from the Assessments. "Shared Costs" may include:

1)  court filing fees and transcript costs related to common issues;

2)  service costs, including translation fees, for service of the consolidated complaints on all domestic and foreign defendants named in those complaints;

3)  deposition and court reporter costs for depositions (excluding those that are client-specific, except as to those class representatives);

4)  document depository creation, operation, staffing, equipment, and administration;

5)  translation costs related to the above;

6)  legal, financial institutional, tax, and accountant fees relating to any of the litigation accounts in which Assessments are kept;

7)  expert witness and consultant fees and expenses for experts whose opinions, advice, and testimony would be for the benefit of the applicable Plaintiff Subgroup;

8)  printing, copying, coding, and scanning related to the expert work (only out-of-house or extraordinary firm costs);

9)  research by outside third-party vendors/consultants/attorneys; and

10)  investigative services.

Shared expenses benefiting all Plaintiff subgroups, including expert fees and centralized discovery costs, shall be allocated proportionally across the subgroups based on the size of their respective classes, or at the Court's discretion. Costs generally not considered common Shared Costs shall be Held Costs. "Held Costs" are those expenses that will be carried by each attorney/firm in this matter and reimbursed as determined by

the PSC attorneys for the applicable Plaintiff Subgroup and the Court. No specific client-related costs can be considered as Held Costs. Routine office supplies are not compensable expenses.

## VII.    COURT OVERSIGHT OF COORDINATION

As stated in Pretrial Order No. 4, both the PSC and the DSC shall provide periodic status reports to the Court every **3 months** (January 15th/April 15th/July 15th/October 15th) or as otherwise directed, detailing progress on case management, discovery, settlement discussions, and any other matters of importance in this litigation. The PSC and DSC shall include in their period status reports a section detailing coordination efforts across Plaintiff subgroups and any disputes requiring Court intervention.

Date: January 29, 2025                                  *s/ Jerry W. Blackwell*
                                                       JERRY W. BLACKWELL
                                                       United States District Judge

# EXHIBIT A

**IN RE GRANULATED SUGAR ANTITRUST LITIGATION**

**TIME REPORT  -  _(To be submitted on the 20th of every month)_**

Firm Name: **[NAME]**   Reporting Period:   **MM/DD/YYYY through MM/DD/YYYY**

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
  (Written / Deposition Taking &
   Defending / Meet & Confer / etc. )

4) Document Review
  (Including  for depo prep, class cert,
  experts, liability issues,
  jurisdictional issues, and meetings
  re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts /Consultants

11) Settlements & Mediation

12) Case Management/Litigation Strategy

13) Class Notice

14) Trial Prep
  (Exhibit & Witness List/Jury Instruction/
  Vior Dire/Opening Statements/Closing
  Arguments/Demonstratives/etc.)

15) Trial

16) Lead/PSC Counsel Calls/Meeting/Duties
17) Plaintiff Subgroup Calls/Meetings/Duties        18) Travel

TITLE:

(P) Partner

(A)  Associate

(LC)  Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal
(CT) Contract
(C) Counsel

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name (P) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (P) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (A) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (A) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (A) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| SUB-TOTAL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |  | $0.00 | $0.00 | $0.00 |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name (LC) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (LC) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (LC) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (SPL) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (SPL) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (SPL) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (PL) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (PL) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (PL) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Name (PL) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| SUB-TOTAL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |  | $0.00 | $0.00 | $0.00 |
| GRAND TOTAL: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |  | $0.00 | $0.00 | $0.00 |

Time Summary

*IN RE GRANULATED SUGAR ANTITRUST LITIGATION*

**EXPENSE REPORT**
**(To be submitted on the 20th of each month)**

**FIRM NAME:**

**REPORTING PERIOD:** *MONTH/YEAR*

| CATEGORY | DESCRIPTION (If necessary) | PRIOR COSTS | CURRENT COSTS | CUMULATIVE COSTS |
|---|---|---|---|---|
| Litigation Assessment | | | | $0.00 |
| Court Costs/Filing Fees | | | | $0.00 |
| Hearing Transcripts | | | | $0.00 |
| Experts/Consultants | | | | $0.00 |
| Shipping Charges | | | | $0.00 |
| Postage | | | | $0.00 |
| Service of Process | | | | $0.00 |
| Courier/Delivery Charges | | | | $0.00 |
| Deposition Costs | | | | $0.00 |
| Computerized Research | | | | $0.00 |
| Photocopies (In-House) | | | | $0.00 |
| Photocopies (Outside Vendor) | | | | $0.00 |
| Long Distance/Conference Calls | | | | $0.00 |
| Travel - Transportation | | | | $0.00 |
| Travel - Meals | | | | $0.00 |
| Travel - Hotels | | | | $0.00 |
| Miscellaneous (Include Description) | | | | $0.00 |
| **TOTAL EXPENSES** | | **$0.00** | **$0.00** | **$0.00** |
| **TOTAL LODESTAR** | | **$0.00** | **$0.00** | **$0.00** |
| **TOTAL EXPENSES & LODESTAR** | | **$0.00** | **$0.00** | **$0.00** |

| Last Name, First Name | Title | Year Admitted | Date of Service | Detailed Work Description | Category | Billing Rate | Total Hours | Fee Total |
|---|---|---|---|---|---|---|---|---|
| **SAMPLE** | | | | Conference with J. Doe re discovery (0.2); draft first set of | | | | |
| Smith, Joe | A | 2021 | 11/01/24 | interrogatories (0.7); emails with lead counsel re same (0.1). | 3 | $500.00 | 1.00 | $500.00 |
| **SAMPLE** | | | | Conference with PSC re motion to amend (0.2); begin draft | | | | |
| Smith, Joe | A | 2021 | 11/01/24 | of same (0.5). | 5 | $500.00 | 0.70 | $350.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | | $0.00 |
| | | | | | | | **Monthly Total** | 1.70 | $850.00 |

Time Detail